IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01337-RBJ-MJW

CARRIE DELLA FLORA,

    Plaintiff,

v.

PLOTKIN & PLOTKIN, P.C., a Colorado Professional Corporation,

    Defendant.

---

ORDER REGARDING
PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS (DOCKET NO. 11)

---

Entered by Magistrate Judge Michael J. Watanabe

    This matter is before the court on Plaintiff's Motion for Attorney Fees and Costs (docket no. 11).  The court has reviewed the subject motion (docket no. 11), the response (docket no. 13), and the reply (docket no. 14).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and order

FINDINGS OF FACT AND CONCLUSIONS OF LAW

    The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this case is a very simply Fair Debt Collection Practices Act ["FDCPA"] case brought pursuant to 15 U.S.C. § 1692, *et. seq.* That but for the fact that this court has jurisdiction over this lawsuit based upon the above federal statute, this case is the **"functional equivalent"** to a small claims case under Colorado state law;

5*.* That the Complaint (docket no. 1) was filed with the court on May 22, 2012;

6. That on June 5, 2012, Defendant made an Offer of Judgment consistent with Fed. R. Civ. P. 68 and the Plaintiff accepted this Offer of Judgment on the very same day. See Notice of Acceptance of Offer of Judgment and Exhibit A attached to Response (docket no. 13). Also see docket nos. 8 and 8-1;

7. That judgment was entered by the Clerk of Court on June 7, 2012. See docket no. 9. The judgment entered in the amount of $1,001 in addition to Plaintiff's reasonable fees and costs, "... as agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon Motion.";

8. That prior to filing her Notice of Acceptance, on June 5, 2012, Plaintiff's counsel sent an e-mail indicating that her client was going to accept the Offer of Judgment and stated that her total fees and costs were $3,592.50.

3

        See exhibit A attached to Response (docket no. 13);

9. That Plaintiff now seeks an Order from this Court to award Plaintiff attorney fees in the amount of $4,760.00 and litigation costs in the amount of $475.00 for a total amount for attorney fees and costs of $5,235.00 plus $1,001.00 in damages per the Offer of Judgment for a total judgment of $6,236.00. See WHEREFORE paragraph found on the last paragraph on page 10 of the subject motion (docket no. 11);

10. That Judge Jackson and Magistrate Judge Watanabe have conducted no in-court hearings on this case;

11. That Plaintiff's counsel has had to file a Complaint and serve the Defendant with such Complaint and Summons. Plaintiff's counsel has had to file a Notice of Acceptance of Defendant's Offer of Judgment. The only other filing that Plaintiff's counsel has had to do is to file the subject motion (docket no. 11);

12. That Plaintiff's itemized billing statement (docket no. 11-1) shows that Plaintiff's attorney Hillary Ross has spent 14.30 hours at $325.00 per hour, totaling $4,647.50. It shows a person with initials "KB", which appears to be a paralegal, spent 0.90 hours at $125.00 per hour, totaling $112.50. However, in paragraph VIII of the subject motion (docket no. 11), Plaintiff seeks an award of attorney fees in the amount of $16,920.50. This amount is totally inconsistent with paragraph 9 above and with the Plaintiff's itemized billing statement (docket no. 11-1);

13. That the benchmark for an award of attorney fees under nearly all of the

4

federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996); and

14. In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989). Taking these factors into consideration, I find that the hourly rate of $200.00 for an attorney practicing law in the Denver Metro Area in the area of FDCPA type cases is fair and reasonable. I also find that a paralegal rate of $75.00 per hour for a paralegal practicing paralegal type work in Denver Metro area for FDCPA type cases is fair and reasonable. I further find that 14 hours of attorney time and 0.90 hours of paralegal time was reasonable and necessary to prosecute this case. Thus, attorney fees in the amount of $2,800.00 [$200.00 per hour times 14 hours = $2,800.00] and paralegal fees in the amount of $67.50 [$75.00 per hour times 0.90 = $67.50] should be awarded to Plaintiff. In addition, costs in the amount of $475.00 [filing fee of $350.00 and service of processing fee of $125.00] should also be awarded to Plaintiff.

ORDER

5

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That Plaintiff's Motion for Attorney Fees and Costs (docket no. 11) is GRANTED;

2. Defendant Plotkin & Plotkin, P.C., a Colorado Professional corporation shall pay to Plaintiff Carrie Della Flora the sum of $2,800.00 in reasonable and necessary attorney fees, the sum of $67.50 in reasonable and necessary paralegal fees, plus costs in the amount of $475.00; and

3. That the Clerk of Court shall enter judgment in favor of the Plaintiff Carrie Della Flora and against Defendant Plotkin & Plotkin, P.C., a Colorado Professional corporation consistent with this ORDER.

Done this 4th day of December 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE